**Dawn P. BYES, et al.,**

v.

**TELECHECK RECOVERY SERVICES, INC., et al.**

**Civ. A. No. 94–3182.**

United States District Court, E.D. Louisiana.

Oct. 27, 1997.

---

Patrick D. Breeden, Steve Russell Conley, New Orleans, LA, for Plaintiff.

Maria Nan Alessandra, Paul Lee Peyronnin, Ronald Joseph White, Phelps, Dunbar, L.L.P., Stephen O. Scandurro, Carl W. Cleveland & Assoc., New Orleans, LA, for Defendants.

### *ORDER AND REASONS*

MENTZ, Senior District Judge.

The court has reviewed the plaintiff Dawn Byes' Motion for Reconsideration of Order Denying Class Certification.

The court entered its ruling denying class certification on June 16, 1997. As the present motion was filed on September 30, 1997, well-beyond ten days after the original ruling, it is governed by Federal Rule of Civil Procedure 60(b).

The court's ruling was based in part on Byes' counsel's failure to communicate the terms of a partial settlement and another settlement offer made in this case. Order and Reasons at 23.

On reconsideration, Byes' attorneys correctly point out that she signed a Stipulation of Proposed Settlement on the partial settlement on November 7, 1995. Notwithstanding this fact, less than three months later when her deposition was taken on January 22, 1996, Byes' was unaware of any settlement or offers to pay her money. *See* Depo. at p. 80–81.

Byes' signature on the Stipulation of Proposed Settlement suggests that she read the document and/or understood the significance of it. On the other hand, the fact that shortly thereafter she did not know that there had been a partial settlement (not to mention the substance of the settlement), establishes that Byes' probably did not read the document before she signed it, and that either counsel did not explain the nature of document when she signed it, or that the explanation was not effectively communicated to her. Either way, Byes' signature on the Stipulation of Proposed Settlement does not support the plaintiff's request for reconsideration. The fact remains that Byes did not understand that she had performed a critical aspect of her role as class representative in approving a partial settlement on behalf of the proposed class. Thus, the fact also remains that counsel failed to communicate the basic fact of a partial settlement (as well as the other settlement offer) to Byes.

The remaining points raised by counsel in the motion to reconsider do not merit discussion because they are adequately addressed in the Order and Reasons entered June 16, 1997.

The court finds no ground for relief under Rule 60(b).

Accordingly,

IT IS ORDERED that plaintiff's Motion for Reconsideration of Order Denying Motion for Class Certification is **DENIED**.